```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
  ------------------------------------------------------------X
   ROY REID,                                       :
                                                   :
                              Plaintiff,           :
                                                   :
                  -v-                              :    16-CV-4332 (JPO)
                                                   :
   THE CITY UNIVERSITY OF NEW YORK,                :    OPINION AND ORDER
   as operators of HOSTOS COMMUNITY                :
   COLLEGE,                                        :
                                                   :
                              Defendant.           :
  -------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

      Plaintiff Roy Reid filed this action against The City University of New York, as operators of Hostos Community College ("Defendants") on June 9, 2016.  (*See* Dkt. No. 1.)  (Reid submitted the operative complaint on June 20, 2016, following a filing error.  (*See* Dkt. No. 2 ("Compl").))  Reid alleges that Defendants discriminated and retaliated against him on the basis of his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. ("Title VII"), New York State law, and New York City law.

      Defendants moved to dismiss the complaint on August 26, 2016, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that Reid failed to comply with the applicable statute of limitations for filing a Title VII action after the issuance of an Equal Employment Opportunity Commission ("EEOC") right-to-sue letter.  (*See* Dkt. No. 9; Dkt. No. 11.)  For the reasons that follow, Defendants' motion is denied.

      To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011) (quoting *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009)).  In determining whether this standard is satisfied, courts take as true all "factual allegations contained in the complaint," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and "draw all inferences in the light most favorable to the non-moving party," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (Sotomayor, J.).

"To be timely, a Title VII complaint must be filed within 90 days of *receipt* by the claimant of a right-to-sue letter from the EEOC."  *Lizarraga v. Cent. Parking, Inc. —Waldorf Astoria Hotel*, No. 13 Civ. 4703, 2014 WL 2453303, at *2 (S.D.N.Y. June 2, 2014) (emphasis added) (citing 42 U.S.C. § 2000e–5(f)(1)).  In his complaint, Reid pleaded that he "received Notice of Right to Sue from the EEOC on March 9th, 2016."  (Compl. ¶ 8.)  Defendants argue that, based on the pleadings, Reid's claim is time-barred; ninety days from March 9 would have been June 7, two days before Reid filed the instant action.  (Dkt. No. 11 at 3.)

In his opposition papers, Reid explains that the language in his complaint is meant to connote that "the EEOC's letter was *issued* on March 9th," not that Reid got the envelope containing the physical letter in the mail on that day.  (Dkt. No. 12 at 3.)  Reid has submitted the EEOC's "Dismissal and Notice of Rights," which is dated March 9, 2016.  (Dkt. No. 12-1.)[1]

A court may rely on a litigant's brief to "clarify allegations in [the] complaint whose meaning is unclear."  *Pegram v. Herdrich*, 530 U.S. 211, 230 n.10 (2000).  And the Court is

---

[1] At the motion to dismiss stage, a court may consider "any statements or documents incorporated in [the complaint] by reference," even where the documents are not appended to the complaint.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir. 1995)).  Because Reid's complaint references the "Notice of Right to Sue from the EEOC" (Compl. ¶ 8), Reid's scan of the letter, which he submitted later as an exhibit to his brief in opposition to the motion to dismiss (Dkt. No. 12-1), is fair game.  In any case, where, as here, "a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint."  *Chambers*, 282 F.3d at 152 (quoting *Int'l Audiotext Network, Inc.*, 62 F.3d at 72).  The right-to-sue letter is "integral" to the complaint's survival in this case.

further obligated to "draw all inferences" in Reid's favor at this stage. A natural reading—indeed *the most* natural reading—of the complaint would suggest that Reid got the EEOC Notice in the mail on March 9, 2016. But, in light of Reid's explanation and the date marked on the right-to-sue letter, the Court concludes that it is possible to infer that Reid used "received" to mean that the EEOC *conferred* the right to sue on March 9—and that Reid thus "received" the benefit from the agency, not a physical piece of paper, on that date. *See Oxford Living Dictionary: English* (2016), https://en.oxforddictionaries.com/definition/receive (defining "receive" as, first, to "be given, [or] presented with" in a physical sense and, second, to "experience, or be subject to"). The Court is unpersuaded by Defendants' repeated insistence that "there is simply nothing unclear" about the pleadings and that Reid should therefore be denied both the opportunity to clarify his complaint and the favorable inference to which he is entitled at this stage of litigation. (Dkt. No. 13 at 3.)

Having taken Reid's pleadings to mean that the EEOC issued the right-to-sue letter on March 9, 2016, the Court must now consider when the clock started to run on Reid's ninety-day statute of limitations. In the absence of an allegation (in the complaint or related exhibits) of a date on which Reid received the physical right-to-sue letter in the mail,[2] he is entitled to a presumption that it was received "three days after its mailing." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011). Together with the presumption that "notice provided by a government agency was mailed on the date shown on the notice"—here, March 9—the Court assumes that Reid received the letter on March 12, 2016. *Id.* Reid's ninety-day clock thus expired on June 10, 2016, one day after the filing of the instant suit.

---

[2] The Court is, as above, unpersuaded by Defendants' suggestion that Plaintiff is not entitled to the three-day presumption because he, in fact, alleged March 9, 2016, as the date he got the letter in the mail. (*See* Dkt. No. 13 at 3-4.)

For the reasons discussed above, the Court holds that Reid's claim is not time-barred. Defendants' motion is therefore DENIED.

The Clerk of Court is directed to close the motion at Docket Number 9.

SO ORDERED.

Dated: November 28, 2016
       New York, New York

              _____
                    J. PAUL OETKEN
                United States District Judge